[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12280
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-03066-RWS


REGINA BATTLE,

Plaintiff-Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 12, 2019)

Before ROSENBAUM, HULL, and MARCUS, Circuit Judges.

PER CURIAM:

Regina Battle, a *pro se* claimant, appeals the district court's order affirming the Commissioner's denial of her application for supplemental security income.

We review a Social Security case to determine whether the Commissioner's decision is supported by substantial evidence, but we review *de novo* whether the correct legal standards were applied. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). We read "briefs filed by pro se litigants liberally . . . [but] issues not briefed on appeal by a pro se litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). "Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived." *N.L.R.B. v. McClain of Ga. , Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998). "[T]his court will not address an argument that has not been raised in the district court." *Stewart v. Dep't of Health and Human Servs.*, 26 F.3d 115, 115 (11th Cir. 1994).

Here, Battle submitted a three-page brief listing three issues: (1) the district court failed to "recognize facts/statements" made by the administrative law judge ("ALJ"); (2) the district court did not allow for a reasonable time to receive her objections to the magistrate judge's report and recommendation; and (3) "[t]he Commissioner failed to address facts in the case." Battle's argument section includes only a conclusory request that this Court "reconsider the past decision/dismissal" because she has not worked in ten years, and the Social Security

Administration allegedly failed to follow the required five-step decision process. Battle also provides a conclusion section in which she argues that Nancy Berryhill, the acting Commissioner, "has a known reputation . . . to go to great lengths to deny SSI . . . benefits to the deserved and obviously disabled."

We must conclude that Battle abandoned her arguments on appeal because she failed to provide any legal authority, citations to the record, or substantive arguments in her brief. *See Timson*, 518 F.3d at 874. Accordingly, we affirm.

**AFFIRMED.**

3